# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

AMY BROWN, individually and as
Administratrix of the Estate of
JAMES BRADY LEONARD, deceased,

           Plaintiff,

v.                                        CIVIL ACTION NO.   3:18-1496

MASON COUNTY COMMISSION;
GALLIA COUNTY BOARD OF COMMISSIONERS;
POINT PLEASANT VOLUNTEER FIRE DEPARTMENT
ADAM BRYANT, individually and in his official capacity;
NANETTE ELLIOTT;
LISA TURNER; and
JOHN and JANE DOE or DOES,

           Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Leave to File the Second Amended Complaint (ECF No. 181). Plaintiff asserts that leave to amend is warranted by newly surfaced information which supports the *Monell* claim that was previously dismissed without prejudice. Specifically, Plaintiff states that she learned for the first time on April 15, 2021, that Sheriff Powers maintained a policy which permitted process server, Defendant Adam Bryant, to respond to emergencies in his official capacity. Plaintiff asserts that amending the complaint would neither be futile nor prejudicial to Defendants, both of whom possessed this information. Defendants object to the motion, arguing that this information is not new to Plaintiff and that they would be prejudiced by amending the Complaint weeks before trial.

Although the Court rejects Defendants' argument that Plaintiff was aware of this information before Sheriff Powers' deposition, it agrees that Plaintiff failed to timely move to amend and has not provided a justification for that failure. Plaintiff deposed Sheriff Powers on April 15, 2021, yet did not file her motion until June 25, 2021—a month after the dispositive motion deadline of May 25, 2021. Indeed, Plaintiff failed to move to amend until after the motions for summary judgment became ripe. Plaintiff reasons that she waited to file the motion until after she obtained the errata sheet from Sheriff Powers. This is not a viable justification. Plaintiff knew the substance of Sheriff Powers' testimony and knew that the dispositive motion deadline was approaching.

The Court is also skeptical of Plaintiff's proffered reasoning because there is evidence that Plaintiff simply forgot that the Court had dismissed her negligent supervision *Monell* claim. On December 5, 2019, the Court dismissed this claim, reasoning:

> Plaintiff's threadbare legal assertions that Bryant acted pursuant to municipal policy or custom is insufficient to impute liability for his actions onto the Commission, because she has not plausibly alleged the existence of any such policy or custom guiding Bryant's actions.

*Mem. Op. and Order* 13, ECF No. 51. But in Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment—which was filed more than a week before the Motion for Leave to File Second Amended Complaint—Plaintiff argues that the Court should not grant summary judgment to Defendants because Mason County Commission had a "policy of allowing Adam Bryant to respond to accident scenes." ECF No. 167. In so arguing, Plaintiff referenced the above-dismissed claim from the Amended Complaint. *Id.* ("Plaintiff's Amended Complaint alleges that Adam Bryant was a Mason County process server employed by the Mason County Sheriff's Department. (Amended Complaint, Exhibit 19, ¶ 19 (Doc 4))."). It was not until after Defendant pointed out that this claim had been dismissed that Plaintiff filed the instant motion. This lack of

diligence is inexcusable and would prejudice the Defendants, who would have been entitled to conduct discovery on this claim if the Court granted Plaintiff's motion. Given that neither party would like to continue the current trial date, Plaintiff's untimeliness cannot be remedied. Accordingly, the Court **DENIES** the Motion for Leave to File Second Amended Complaint.

The Clerk is **DIRECTED** to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: July 20, 2021

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE